## BILL NICHOLSON v. THE STATE.

### No. 3009. Decided May 10, 1905.

**Local Option—Fact Case—Sale—Circumstantial Evidence.**

See opinion for evidence held to be insufficient to show a sale of whisky as alleged, or to sustain a conviction for a violation of the local option law on circumstantial evidence.

Appeal from the County Court of Burnet. Tried below before Hon. Jas. G. Cook.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $40 and thirty-five days confinement in the county jail.

The opinion states the case.

*Flack & Dalrymple,* for appellant.—Williams v. State, 85 S. W. Rep., 1144.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction of violating the local option law. We deem it unnecessary to notice but one question, that is, the alleged insufficiency of the evidence. The State's case is, that the alleged purchaser gave defendant 85 cents, and requested him to secure him that amount of whisky. A day or two after the money

was given appellant, this witness states he found a bottle of whisky sitting on his work bench in the back of his blacksmith shop. When handed the money appellant said, he would get the whisky if he could. About two weeks afterwards, appellant told witness that he would settle with him for the 85 cents; that is, he would repay it, but had not done so up to the time of the trial. The witness says he did not see anybody put the whisky on his work bench, and did not know who put it there. The State introduced some books of the express company to show that appellant had been ordering some packages C. O. D. Appellant took the stand in his own behalf, denied having let the alleged purchaser have any whisky or placing the whisky on his work bench; admitted that he had the packages sent to him C. O. D., but it was not whisky, but apricot brandy; and that he had not sold witness or anybody else any of this apricot brandy, and that he had not shipped in whisky. The State recalled the alleged purchaser, and proved by him that the bottle of whisky he found on his work bench was "old storage whisky," and not apricot brandy. This is the substance of the testimony. We do not believe this evidence is sufficient to justify the conviction. Taking the State's case in its strongest light, we find the alleged purchaser giving appellant 85 cents, with the request that he get him some whisky. A day or two afterwards, the witness found a bottle of whisky sitting on his work bench, in the back end of his blacksmith shop; that this was "old storage whisky"; that appellant had been shipping in to his own order some apricot brandy. It may be possible that appellant placed the bottle of whisky in the shop on the bench, but there is no evidence of that fact. It is evident that somebody placed it there. In order to justify this conviction, the State is bound to show in some way, that appellant was the party who placed or caused to be placed that bottle of whisky on the bench. This has not been done to the exclusion of even a reasonable doubt. This evidence does not exclude every reasonable hypothesis except the guilt of accused. As a matter of fact the evidence does not attain to the strength of the law governing circumstantial evidence. The judgment is reversed and the cause remanded.

*Reversed and remanded.*